# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

**APPLICATION AND AFFIDAVIT**
**FOR SEARCH WARRANT**

Abdul Mannan's iphone, obtained on 1/29/2015 and currently stored at the Sacramento Police Department, 555 Sequoia Pacific Blvd, Sacramento, CA, which iphone is more particularly described in Attachment A. Attachment A is attached hereto and fully incorporated herein.

Case Number: **2:15 - SW - 395**

**FILED**

**JUL - 8 2015**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

I, ____Ryan Vazquez____, being duly sworn depose and say:

I am a (n) ___HSI Special Agent___ and have reason to believe that:
☐ on the person of or ☒ on the property or premises know as (name, description and/or location)

**See Attachment A, attached and incorporated herein**

in the _____EASTERN_____ District of _____CALIFORNIA_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment B, attached and incorporated herein**

which is (state one or more bases for search set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

**evidence of, fruits of, instrumentalities, and property designed for use, intended for use and used in committing crimes**

concerning a violation of Title ___18___ United States code, Section (s) 18 U.S.C. 1344(2) (Bank Fraud) and 18 U.S.C. 1028A(a)(1), (Aggravated Identity Fraud).

The facts to support a finding of probable cause are as follows: **See Attached Affidavit**
Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Affiant
Ryan Vazquez, Special Agent

Sworn to before me and subscribed in my presence,

__7/8/2015_____
Date

at   Sacramento, California_____
City and State

HON. C.K.Delaney
U.S. Magistrate Judge_____
Name and Title of Judge

_____
Signature of Judge

AFFIDAVIT

I, Ryan Vazquez, being duly sworn on oath, depose and say the following.

1.      I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), presently assigned to the Assistant Special Agent in Charge, Sacramento, California (ASAC/Sacramento). I have been employed as an HSI Special Agent (SA) for four years. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ICE Special Agent Training Program. Prior to becoming an HSI Special Agent, I was employed as a Special Agent by the U.S. Environmental Protection Agency, Criminal Investigations Division and the U.S. Air Force, Office of Special Investigations for a combined seven years. Because of my training and experience, I am familiar with common methods of investigating Identity Fraud and Wire Fraud. My duties include the investigation of crimes related to financial crimes, cyber-crimes and bank fraud. I have received formal training from the Federal Law Enforcement Training Center in financial crimes, cyber-crimes and bank fraud. I have participated in investigations involving the financial crimes, cyber-crimes and bank & wire fraud as both Case Agent and assistant to other SAs. I am authorized to investigate violations of federal criminal law, including 18 U.S.C. 1344(2) (Bank Fraud) and 18 U.S.C. 1028A(a)(1), (Aggravated Identity Fraud).

2.      The facts and conclusions in this affidavit are based on my personal knowledge gained from my participation in this investigation, my training and experience, and information gained from other Inspectors, Agents, local law enforcement, and field contacts and reports. Since this affidavit is submitted for the limited purpose of obtaining search and arrest warrants, I have not included all of the facts of which I am aware of in this investigation.

3.      This affidavit is submitted in support of an Application for a Search Warrant for the following: (A) a white apple iphone 4S, serial number C28JWC6ADTD1 stored in evidence at Sacramento Police Department 555 Sequoia Pacific Blvd, Sacramento CA, and other property, all more particularly described in "Attachment A." Attachment A, is attached hereto and fully incorporated herein. The warrant is for the items set forth in Attachment B hereto (which Attachment B is fully incorporated herein). The items set forth in Attachment B constitute evidence, fruit, and instrumentalities of violations of 18 USC 1344(2) (Bank fraud) and 18 USC 1028A(a)(1) Aggravated Identity Theft.

4.      On 6/29/15, EDCA US Magistrate Delaney issued a search warrant for 2543 Fulton Ave Apt 132 (and other property), then the Sacramento residence of Abdul Mannan. SW 15-379-CKD. The warrant was for evidence, fruit, and instrumentalities of violations of 18 USC 1344(2) (Bank fraud) and 18 USC 1028A(a)(1) Aggravated Identity Theft. A copy of the application and accompanying documents are attached hereto and fully incorporated herein as supporting probable cause. The bank fraud scheme involved, among others, victim Capital One Bank. On 7/1/15, Mannan was arrested on a federal complaint on these offenses (4 Count of Bank Fraud and 2 counts of Aggravated Identity Theft). Mag No 15-139-CKD.

5.      On 7/1/15, the Fulton Ave search warrant was executed. Also, on 7/1/15, federal law enforcement discovered evidence that Mannan had been previously detained regarding suspected false and fraudulent charges involving Macys Department Store. The charges related to allegations that Mannan, working with others, beginning at an unknown time and through January 2015, obtained personal identifying information of others and used such to obtain unauthorized access devices on existing lines of credit and unauthorized lines of credit with accompanying access

devices all to make online purchases of Macys merchandise. The online purchases were designed to obtain cash and goods at the expense of Department Stores National Bank (issuer of Macys credit cards), which bank's deposits were then federally insured. On 1/29/15, Mannan -- at Macys to pick up fraudulently on line purchased goods -- was encountered by Macys asset protection personnel and local law enforcement. During the encounter, and after <u>Miranda</u> advisement, Mannan admitted that he participated in an access device fraud scheme with an associate. He and the associate (located in Malaysia) placed on line orders at Macys for merchandise. By agreement, Mannan picked up the merchandise at Macys, later returned the merchandise for credit on his (Mannan's) true account, then Mannan obtained cash from the account which Mannan shared with his international associate.

6.      During the 1/29/15 encounter with law enforcement at Macys, Mannan consented to the search of his iphone. The iphone is described as a white apple iphone 4S, serial number C28JWC6ADTD1. On Mannan's iphone, local law enforcement observed images of other peoples' credit card information. Based on Mannan's consent and based on the plain view observation of evidence of Mannan's unlawful possession of financial and personal information of others, the phone was seized and later stored in evidence at Sacramento Police Department 555 Sequoia Pacific Blvd, Sacramento CA.

7.      I am aware that in bank fraud and i.d. theft schemes, perpetrators often use victim names, pose as victims on-line to make internet transactions and to open accounts, and to cause fraudulently purchased items to be mailed or made available for pick up by designated person(s). Perpetrators will do this to avoid detection and to create layers of anonymity. Also to avoid detection, perpetrators will cause fraudulently purchased items to be mailed and stored at different locations. I am aware that perpetrators will keep tools, implements, financial statements, access devices, and stolen items close to themselves (especially in vehicles and phones they use, on their person, in their residences, in the residences of extended family members, and in storage units) or in areas in which they have access to ensure custody and control of the items and for easy access for use or disposal.

8.      Based on the facts presented, Mannan and his associates have utilized computers and cellular telephones to further crimes. As stated previously, the actions to obtain credit cards and make on line purchases could not have been executed without computers and or cellular telephones. Based upon my training and experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, I know that data in digital form can be stored on a variety of systems, and storage devices, or media including hard disk drives (including in phones), floppy disks, compact discs, magnetic tapes, flash drives, and memory chips. Some of these devices can be small and can take several forms, including thumb drives, secure digital media used in phones and cameras, personal music devices, and similar items.

9.      Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that persons involved in identity theft, mail theft, credit card fraud, and bank fraud along with their conspirators/accomplices use access device making (writing) materials, mobile cell phones, tablets, and computer laptops to communicate with one another, either by voice calls, emails, and or text messages regarding their fraud and theft activities. I know that such persons who use such devices commonly exchange real time information about theft and fraud activity and other information regarding execution of theft or fraudulent transactions. Such information can be found stored in the text / email messages and images on such devices. Such persons also use the devices to link with the internet to obtain addresses and maps and locations/addresses of victims. Such devices can also

Search Warrant Affidavit                                                                    Page 2

be used to make remote (on-line) fraudulent purchases. Such devices can also be used to perform false or fraudulent mobile banking operations and checks (verifications).

10. This application seeks permission to search for and seize evidence of the crimes described above stored on a white apple iphone 4S, serial number C28JWC6ADTD1, a digital device. Such evidence constitutes fruits and instrumentalities of the crimes. I know that individuals generally maintain records of their financial activity, such as receipts for expenditures by cash, check and/or online payments, bank records, loan documents, tax returns, correspondence, and other financial documents, in their personal residences, vehicles, storage units, and on their electronic devices, such as iphones. Based upon my training and experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, I know that computers and other digital devices are often used to store information, very much the same way paper, ledgers, files and file cabinets are used to store information. I know that it is common today for businesses to utilize computers and iphones to conduct their business and to store information related thereto. I also know that it is common for individuals to have personal computers and phones and to use these items to conduct their personal affairs, their business affairs, and to store information related thereto. I know based on my training and experience, including prior investigations specifically related to the investigation of access device fraud, bank fraud, and i.d. theft that subjects who are engaged in such commonly store information related to their activities on computers and digital devices.

11. Based on my experience, training, and consultation with other law enforcement officers, I also know that individuals who are engaged in Aggravated Identity Theft and Bank Fraud maintain such records for long periods of time either in physical or electronic form. Retention of records is particularly common when the individual is involved in ongoing criminal activity over a long period of time such as in this case.

12. Based upon my training, experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, I know that a forensic image is an exact physical copy of a data storage device. A forensic image captures all data on the subject media without viewing or changing the data in any way. Absent unusual circumstances, it is essential that a forensic image be obtained prior to conducting any search of data for information subject to seizure pursuant to the warrant. I also know that during the search of iphones, such as the white apple iphone 4S, serial number C28JWC6ADTD1, it is not always possible to create a forensic image of or search digital devices or media for data. I also know that it is frequently necessary to remove digital devices or media for later laboratory evaluation off-site under controlled circumstances. This is true for a number of reasons, including the following:

a. Searching digital devices/iphones can be a highly technical process that requires specific expertise and specialized equipment. Because there are so many different types of digital devices and software in use today, it is difficult to anticipate all of the necessary technical manuals, specialized equipment, and specific expertise to conduct a thorough search of the media to ensure that the data will be preserved and evaluated in a useful manner.

b. Searching digital devices/iphones can require the use of precise, scientific procedures designed to maintain the integrity of the evidence. The recovery of such data may

require the use of special software and procedures, such as those used in a law enforcement laboratory.

c.     The volume of data stored on many digital devices, including phones, is typically so large that it will be highly impractical to search for data during the execution of the physical search and seizure. Storage devices capable of storing gigabytes of data are now commonplace in desktop computers and iphones. It can take several hours, or even days, to image a single hard drive or memory disc. The larger the drive/disc, the longer it takes. Depending upon the number and size of the devices, the length of time that agents must remain onsite to image and examine digital devices can become impractical.

d.     Since digital data may be vulnerable to inadvertent modification or destruction, a controlled environment, such as a law enforcement laboratory, may be essential to conduct a complete and accurate analysis of the digital devices from which the data will be extracted. Software used in a laboratory setting can often reveal the true nature of data. Moreover, a computer forensic reviewer needs a substantial amount of time to extract and sort through data that is concealed or encrypted to determine whether it is evidence, contraband, or an instrumentality of a crime.

e.     Analyzing the contents of a computer or other electronic storage device, even without significant technical difficulties, can be very challenging, and a variety of search and analytical methods must be used. For example, searching by keywords, which is a limited text based search, often yields thousands of hits, determine who created, modified, copied, downloaded, transferred, communicated about, deleted, or printed data requires a search of events that occurred on the computer in the time periods surrounding activity regarding the relevant data. Information about which users logged in, whether users shared passwords, whether a computer was connected to other computers or networks, and whether the users accessed or used other programs or services in the relevant time period, can help determine who was sitting at the keyboard.

f.     Searching digital devices can require the use of precise, scientific procedures designed to recover latent data. The recovery of such data may require the use of special software and procedures. Data that represents electronic files or remnants of such files can be recovered months or even years after it has been downloaded onto a hard drive, deleted, or viewed via the Internet. Even when such files have been deleted, data can be recovered months or years later using readily available forensic tools. Normally, when a person deletes a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in space on the hard drive or other storage media that is not allocated to an active file. In addition, a computer's operating system may keep a record of deleted data in a swap or recovery file or in a program specifically designed to restore the computer's settings in the event of a system failure.

13.     This warrant seeks authority to seize contextual data, that is, evidence of how a digital device has been used, what it has been used for and who has used it. It can be very

important in criminal cases to seek "attribution" data and physical items so that an event or communication can be associated with a person. Based upon my training and experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, this authority is sought for a number of reasons:

a.  In some instances, the computer "writes" to storage media without the specific knowledge or permission of the user. Generally, data or files that have been received via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to such data or files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve artifacts of electronic activity from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer usage. Logs of access to websites, file management/transfer programs, firewall permissions, and other data assist the examiner and investigators in creating a "picture" of what the computer was doing and how it was being used during the relevant time in question. Given the interrelationships of the data to various parts of the computer's operation, this information cannot be easily segregated.

b.  Digital data on the hard drive that is not currently associated with any file may reveal evidence of a file that was once on the hard drive but has since been deleted or edited, or it could reveal a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave digital data on the hard drive that show what tasks and processes on the computer were recently used. Web browsers, email programs, and chat programs store configuration data on the hard drive that can reveal information such as online nicknames and passwords. Operating systems can record additional data, such as the attachment of peripherals, the attachment of USB flash storage devices, and times the computer was in use. Computer file systems can record data about the dates files were created and the sequence in which they were created. This data can be evidence of a crime, can indicate the identity of the user of the digital device, or can point toward the existence of evidence in other locations (or on other devices).

c.  Further, evidence of how a digital device has been used, what it has been used for, and who has used it, may be learned from the absence of particular data on a digital device. Specifically, the lack of computer security software, virus protection, malicious software, evidence of remote control by another computer system, or other programs or software may assist in identifying the user indirectly and may provide evidence excluding other causes for the presence or absence of the items sought by this application. Additionally, since computer drives may store artifacts from the installation of software that is no longer active, evidence of the historical presence of the kind of software and data described may have special significance in establishing timelines of usage, confirming the identification of certain users, establishing a point of reference for usage and, in some cases, assisting in the identification of certain users. This data can be evidence of a crime, can indicate the identity of the user of the digital device, or can point toward the existence of evidence in other locations. Evidence of the absence of particular data on the drive is not generally capable of being segregated from the rest of the data on the drive.

14.     I am aware that individuals involved in bank fraud, credit card fraud, aggravated i.d. theft, and conspiracy to commit such offenses (including schemes to acquire and to use federally insured bank credit cards assigned to others), obtain access devices, PIN numbers, financial info, i.d. info, checks, and other personal and financial info of victims. Such individuals, working together often maintain close contact and travel together. I am aware that in bank fraud, mail fraud, and i.d. theft schemes, perpetrators often use victim names, pose as victims on-line to make internet transactions and to open accounts, and to cause fraudulently purchased items to be mailed or made available for pick up in victim names. Also to avoid detection, perpetrators will cause fraudulently purchased items to be mailed and stored at different locations. I am aware that perpetrators will keep tools, implements, financial statements, access devices, and stolen items close to themselves (especially in vehicles they use, on their person, on their phones, in their residences, in the residences of extended family members, and in storage units) or in areas in which the have access to ensure custody and control of the items and for easy access for use or disposal.

15.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that the complete contents of text messages, image files, and emails may be important to establishing the actual user who has dominion and control of a particular phone or computer at a given time. Cell phones may be subscribed to under false names with little to no verification by the service provider. Cell phones, iphones and computers may also be used by multiple people. Given the ease with which such items may be obtained and used, and the rarity with which law enforcement has eyewitness testimony about a defendant's use of a particular cell phone or device that was used to send a particular text or email message, investigators often have to rely on circumstantial evidence to show that an individual was the actual user of a particular cell phone or device. Often, by piecing together information contained in the contents of the device (cell phone or computer or storage device) an investigator can establish the identity of the actual user. Often, those pieces will come from a time period before the device was used in criminal activity. Limiting the scope of the search for information showing the actual user of the device would, in some instances, prevent the government from identifying the user of the device and, in other instances, prevent a defendant from suggesting that someone else was responsible. Therefore, the entire content of a communication device often provides important evidence regarding the actual user's dominion and control of the device. Moreover, review of the contents of communications of electronic storage devices, including text and email messages sent or received by the subject device assist in determining whether other individuals had access to the device.

16.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that criminals discussing their criminal activity via electronic communication devices (computer email and cell phone text messaging) may use images, slang, short forms (abbreviated words or phrases such as "lol" or emoji to express "laugh out loud"), or code words (which require entire strings or series of text message conversations to determine their true meaning) when discussing their crimes. They can also discuss aspects of the crime without specifically mentioning the crime involved. It is even possible to use pictures, images and emoticons (images used to express a concept or idea such as a happy face inserted into the content of a text message or the manipulation and combination of keys on the computer keyboard to convey an idea, such as the use of a colon and paren :) to convey a smile or agreement) to discuss matters. "Keyword searches" or other automated methods of review of the text messages sent to and from the subject device would not account for any of these

possibilities, so actual review of the text and email messages by law enforcement personnel with information regarding the identified criminal activity is necessary to find all relevant evidence.

17.     I am aware that searching and seizure of electronic storage devices requires a qualified computer forensic specialist and must be conducted in a laboratory or other controlled environment.  Therefore, your affiant requests authority to make a return on the seized white apple iphone 4S, serial number C28JWC6ADTD1, 120 days after the item is seized.  If additional time is needed, the government may seek an extension of this time period from the Court within the original 120 day period from the date of execution of the warrant.

18.     For the reasons stated above, there is probable cause to believe that evidence, fruits, contraband, and instrumentalities, as more fully described in Attachment B to the Search Warrant and Application for Search Warrant, hereby fully incorporated herein, of violations of 1344(2) (Bank Fraud) and 1028A(a)(1)( Aggravated i.d. Theft) may be found at the locations identified in Attachment A attached and fully incorporated herein.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Ryan Vazquez, Special Agent
U.S. Department of Homeland/Security
Homeland Security Investigations

Sworn and subscribed before me
this ___ day of July 2015

C.K. Delaney
U.S. MAGISTRATE

Approved: Michelle Rodriguez, AUSA
7/7/15

## **ATTACHMENT A**

The item to be seized and searched is as follows:

At Sacramento Police Department, 555 Sequoia Pacific Blvd, Sacramento, CA, 95811, evidence booked under Sacramento Police Department report number 15-26812, tag number: SA85376311, the following electronic device:

> Apple Iphone 4S, serial number C28JWC6ADTD1
> (white in color)

Attachment A                                                                                         1

## ATTACHMENT B

ITEMS TO BE SEIZED

1. All electronic evidence of indicia of use and ownership to include any data related to bank transactions, statements, credit card statements, credit cards, receipts, utility bills, correspondence, U.S. Mail, emails, internet transaction records and parcels of all residents.

2. All electronic evidence of United States Mail, documents, bank statements and records, credit card statements, credit cards, credit card applications, receipts, utility bills correspondence, emails, internet transaction records, and parcels, addressed to victims Gilbert F., Brad K., Frances A., Lily D., Frank S., Jean G., Pat L., Jeff P., John S., Freddy B., Alex G., David A., Robert N., Leslie H., William C., John L., Thomas J., Larry Y., Steven L., Charles K., Nora G., Karen H., Joan K., Mark S., Victor D., Robin B., Mark B., William C., John L., Jay M., John O., and Jeff P.as well as any other person not residing at the location.

3. All electronic evidence of identification documents, access devices, handwritten notes, printouts and personal identifying information, of Mannan or "Mannon" and others belonging to or bearing the name of any other persons not using the iphone.

4. All electronic evidence of bank statements and records, credit card statements, credit cards, credit card applications, receipts, utility bills, correspondence, emails, internet transaction records and parcels related to Macys and other federally insured financial institutions.

5. All electronic evidence of items and receipts for items purchased using access devices including, but not limited to, Apple iPad Mini (SN F4KN7DQTG5V1, F4KN7KRNG5V1, and F4KN85Y0G5V1).

6. All electronic evidence of domestic or foreign currency in excess of $500.00, all virtual currency, monetary instruments, precious metals or jewelry that represent proceeds or instrumentalities.

7. All electronic evidence of credit cards and credit card records, writable plastic cards, shipping records, logs of (hand written or electronic), written correspondence that references criminal activity and any financial records, including for accounts ending 6200, 9413, 8949, 4321, 9360, 1067, 1063, 7776, 0535, 8406, 8409, 8171, 8162, 7162, 2963, 2447, 9597, 8939, 9933, 7413, 6358, 6424, 5342, 8396, 5684, 3974, 2449, 4471, 8552, 4736, 2034, 8824, 6215, 9054, 6333, 6358, 7127, 9374 as well as any other access devices.

8. All electronic evidence of bank account records, wire transfer records, bank statements, safe deposit box keys and entry records, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of merchandise acquired via access devices of any kind.

9.    All electronic evidence of bank and financial records, including bank statements, wire transfer slips/orders, cancelled checks, bank signature cards, deposit and withdrawal records, money orders, money order receipts, ATM receipts, cashier's checks, cashier's check receipts, and safe deposit records.

10.   All electronic evidence of any additional computers, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD ROMs, CD Rs, CD RWs, DVDs, optical disks, printer or memory devices and buffers, tablets, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell/smart phones.

11.   All electronic evidence of correspondence, papers, records, forms, applications and any other items showing employment or lack of employment.

12.   All electronic evidence of records identifying associates and contacts such as business cards, telephone and address books, diaries, notes calendars, appointment books, correspondence, photographs, video and audio recordings, and answering machine tapes.

13.   All electronic evidence of records and items identifying smart phones, telephones and pagers used by Mannan and associates including telephone toll bills, pager bills, subscriber agreements, cellular telephones/smart phones and pagers

14.   Photographs, .jpg and .pdf or other visual media, including depicting goods, access devices, and victim information.

15.   All evidence of any ID making materials including but not limited to printers, laminating machines and State identification templates and software

16.   All electronic evidence of electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the acquisition and/or sales of personal and/or financial identifying information, credit and credit cards, and merchandise, including communication relating to contacts with Capital One Bank and Discover Bank and internet computer cookie codes including 539a24bac81e1b36f4112f8f95c31fb.

17.   Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the use of personal and/or financial identifying information, credit and credit cards, and merchandise (including vehicles, computers, printers, label makers, heat sealers, embossers, identification imprinters, paper stock, access devices, and/or stolen property proceeds).

SEALED

1  BENJAMIN B. WAGNER
   United States Attorney
2  MICHELLE RODRIGUEZ
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  (916) 554-2700

ORIGINAL
FILED

JUN 3 0 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

9           IN THE UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

12  IN RE:    SEALED
                            )
13                          )  CR NO. 2 1 5 - SW - - 3 7 9    CKD
                            )
14                          )
                            )
15                          )
                            )  SEALING ORDER
16                          )
    _____)

18      Upon application of the United States of America and good cause

19  having been shown,

20      IT IS HEREBY ORDERED that the documents in the above referenced

21  case shall be sealed until further order of the Court.

22  DATED:

25  DATED: 6/29/2015

    _____
    HONORABLE CAROLYN K. DELANEY
26  UNITED STATES MAGISTRATE JUDGE

SEALING ORDER

SEALED

FILED

JUN 29 2015

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

In the Matter of the Search of

(Name, address or brief description of person, property or premises to be searched)

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

2543 Fulton Ave. Apt 132, Sacramento, CA (Mannan's
Residence), and a Maroon 2013 Kia, bearing California
license plate 6ZUV365 (registered to Abdul Mannan at
2543 Fulton Ave. Apt 132, Sacramento, CA), and other
property, all more particularly described in "Attachment
A."

Case Number:

2:15-SW - - 379  CKD

I, ___Ryan Vazquez___, being duly sworn depose and say:

I am a (n) ___Special Agent___ and have reason to believe that:
☐ on the person of or ☒ on the property or premises know as (name, description and/or location)

**See Attachment A attached and incorporated herein**

in the _____EASTERN_____ District of _____CALIFORNIA_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment B, attached and incorporated herein**

which is (state one or more bases for search set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

**evidence of, fruits of, instrumentalities, and property designed for use, intended for use
and used in committing crimes**

concerning a violation of Title ___18___ United States code, Section (s) ___2, 1344(2) and 1028A___.

The facts to support a finding of probable cause are as follows: **See Attached Affidavit fully incorporated herein**
Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

Signature of Affiant
RYAN VAZQUEZ, Special Agent

Sworn to before me and subscribed in my presence,

2 9 June 2015                           at   Sacramento, California
Date                                          City and State

HON. C. K. DELANEY
U.S. Magistrate Judge
Name and Title of Judge                       Signature of Judge

# UNITED STATES DISTRICT COURT

|    EASTERN    | District of |    CALIFORNIA    |

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

2543 Fulton Ave. Apt 132, Sacramento, CA
(Mannan's Residence), and a Maroon 2013 Kia,
bearing California license plate 6ZUV365
(registered to Abdul Mannan at 2543 Fulton Ave.
Apt 132, Sacramento, CA), and other property, all
more particularly described in "Attachment A."

**SEARCH WARRANT**
Case Number:

**2 1 5 - SW - - 3 7 9       CKD**

To: **Ryan Vazquez Special Agent** and any Authorized Officer of the United States.

Affidavit(s) having been made before me by _____**Ryan Vazquez Special Agent**_____ who has reason to
                                                                                    Affiant
believe that ☐ on the person of, or ☒ on the premises known as (name, description and/or location)
**See Attachment A, attached hereto and fully incorporated herein**

in the _____ Eastern _____ District of _____ California _____ there is now concealed
a certain person or property, namely (describe the person or property)

**See Attachment B, attached hereto and fully incorporated herein**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so
described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO SEARCH ON OR BEFORE          **7/13/2015**
                                                                                                          Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search ☒ in the daytime -- 6:00 A.M. to 10:00 P.M.  ☐ at anytime in the day or night as I find reasonable cause has been
established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person
or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to
**HON. C. K. Delaney** or other U.S. Magistrate Judge (Rule 41(f)(f4)), as required by law.

6/29/2015    4:20 pm                      at          Sacramento, California
Date and Time Issued                                              City and State

**HON C. K. DELANEY**
**U.S. Magistrate Judge**
Name and Title of Judge                                       Signature of Judge

## ATTACHMENT A

The places to be searched include:

(1)   2543 Fulton Avenue Apartment 132
      Sacramento, CA 95821

**Which is further described as follows:**
2543 Fulton Avenue Apartment 132, Sacramento, CA, is within a apartment complex.   The
building is a two-story dwelling with a light brown or beige exterior. Apartment 132 is located on
the second floor and has a green door. The numerals "132" are brass in color and attached to the
outside of the door. See below photograph.



(2)   A Maroon 2013 Kia CA 6ZUV365, and all vehicles associated with 2543 Fulton Avenue Apartment
      132, Sacramento, CA 95821

(3)   Sheds, garages, and attachments associated with:
      2543 Fulton Avenue Apartment 132, Sacramento, CA 95821

(4)   All occupants of 2543 Fulton Avenue Apartment 132, Sacramento, CA 95821

///

Attachment A

## ATTACHMENT B

ITEMS TO BE SEIZED

1.  All indicia of occupancy to include bank statements, credit card statements, credit cards, receipts, utility bills, correspondence, U.S. Mail, emails, internet transaction records and parcels of all residents.

2.  All United States Mail, documents, bank statements and records, credit card statements, credit cards, credit card applications, receipts, utility bills correspondence, emails, internet transaction records, and parcels, addressed to victims Gilbert F., Brad K., Frances A., Lily D., Frank S., Jean G., Pat L., Jeff P., John S., Freddy B., Alex G., David A., Robert N., Leslie H., William C., John L., Thomas J., Larry Y., Steven L., Charles K., Nora G., Karen H., Joan K., Mark S., Victor D., Robin B., Mark B., William C., John L., Jay M., John O., and Jeff P.as well as any other person not residing at the location.

3.  All identification documents, access devices, handwritten notes, printouts and personal identifying information, of Mannan or "Mannon" and others belonging to or bearing the name of any other persons not residing at the residence.

4.  All bank statements and records, credit card statements, credit cards, credit card applications, receipts, utility bills, correspondence, emails, internet transaction records and parcels addressed to 2543 Fulton Ave. Apt. 132, Sacramento, CA

5.  All items and receipts for items purchased using access devices including, but not limited to Apple iPad Mini (SN F4KN7DQTG5V1, F4KN7KRNG5V1, and F4KN85Y0G5V1).

6.  Domestic or foreign currency in excess of $500.00, all virtual currency, monetary instruments, precious metals or jewelry that represent proceeds or instrumentalities.

7.  All credit cards and credit card records, writable plastic cards, shipping records, logs of (hand written or electronic), written correspondence that references criminal activity and any financial records, including for accounts ending 6200, 9413, 8949, 4321, 9360, 1067, 1063, 7776, 0535, 8406, 8409, 8171, 8162, 7162, 2963, 2447, 9597, 8939, 9933, 7413, 6358, 6424, 5342, 8396, 5684, 3974, 2449, 4471, 8552, 4736, 2034, 8824, 6215, 9054, 6333, 6358, 7127, 9374 as well as any other access devices.

8.  Bank account records, wire transfer records, bank statements, safe deposit box keys and entry records, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of merchandise acquired via access devices of any kind.

9.     All bank and financial records, including bank statements, wire transfer slips/orders, cancelled checks, bank signature cards, deposit and withdrawal records, money orders, money order receipts, ATM receipts, cashier's checks, cashier's check receipts, and safe deposit records.

10.    All computers, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD ROMs, CD Rs, CD RWs, DVDs, optical disks, printer or memory devices and buffers, tablets, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell/smart phones.

11.    Correspondence, papers, records, forms, applications and any other items showing employment or lack of employment.

12.    Records identifying associates and contacts such as business cards, telephone and address books, diaries, notes calendars, appointment books, correspondence, photographs, video and audio recordings, and answering machine tapes.

13.    Records and items identifying smart phones, telephones and pagers used by Mannan and associates including telephone toll bills, pager bills, subscriber agreements, cellular telephones/smart phones and pagers

14.    Photographs, .jpg and .pdf or other visual media, including depicting goods, access devices, and victim information.

15.    All ID making materials including but not limited to printers, laminating machines and State identification templates and software

16.    Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the acquisition and/or sales of personal and/or financial identifying information, credit and credit cards, and merchandise, including communication relating to contacts with Capital One Bank and Discover Bank and internet computer cookie codes including 539a24bac81e1b36f4112f8f95c31fb.

17.    Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the use of personal and/or financial identifying information, credit and credit cards, and merchandise (including vehicles, computers, printers, label makers, heat sealers, embossers, identification imprinters, paper stock, access devices, and/or stolen property proceeds.

Attachment B                                                                                          2

## AFFIDAVIT

I, Ryan Vazquez, being duly sworn on oath, depose and say the following.

1.     I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), presently assigned to the Assistant Special Agent in Charge, Sacramento, California (ASAC/Sacramento). I have been employed as an HSI Special Agent (SA) for four years. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ICE Special Agent Training Program. Prior to becoming an HSI Special Agent, I was employed as a Special Agent by the U.S. Environmental Protection Agency, Criminal Investigations Division and the U.S. Air Force, Office of Special Investigations for a combined seven years. Because of my training and experience, I am familiar with common methods of investigating Identity Fraud and Wire Fraud. My duties include the investigation of crimes related to financial crimes, cyber-crimes and bank fraud. I have received formal training from the Federal Law Enforcement Training Center in financial crimes, cyber-crimes and bank fraud. I have participated in investigations involving the financial crimes, cyber-crimes and bank & wire fraud as both Case Agent and assistant to other SAs. I am authorized to investigate violations of federal criminal law, including 18 U.S.C. 1344(2) (Bank Fraud) and 18 U.S.C. 1028A(a)(1), (Aggravated Identity Fraud).

2.     The facts and conclusions in this affidavit are based on my personal knowledge gained from my participation in this investigation, my training and experience, and information gained from other Inspectors, Agents, local law enforcement, and field contacts and reports. Since this affidavit is submitted for the limited purpose of obtaining search and arrest warrants, I have not included all of the facts of which I am aware of in this investigation.

3.     This affidavit is submitted in support of an Application for a Search Warrant for the following: A(1) 2543 Fulton Ave. Apt 132, Sacramento, CA (Mannan's Residence), A(2) A Maroon 2013 Kia, bearing California license plate 6ZUV365 ( registered to Abdul Mannan at 2543 Fulton Ave. Apt 132, Sacramento, CA), and other property, all more particularly described in "Attachment A." Attachment A, is attached hereto and fully incorporated herein. The warrant is for the items set forth in Attachment B hereto (which Attachment B is fully incorporated herein). The items set forth in Attachment B constitute evidence, fruit, and instrumentalities of violations of 18 USC 1344(2) (Bank fraud) and 18 USC 1028A(a)(1) Aggravated Identity Theft.

4.     Beginning at a time unknown to the United States but at least starting on or about March 5, 2014 and continuing to date, Mannan, and others known and unknown to the United States, knowingly executed and attempted to execute a scheme and artifice to defraud federally insured financial institutions to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of these financial institutions, by means of false and fraudulent pretenses, representations, and promises. Mannan, working with others, obtained personal identifying information of others and used such to obtain unauthorized access devices (credit cards) on existing lines of credit and unauthorized lines of credit with accompanying access devices. Mannan then used the access devices to make purchases to obtain cash, goods,

vehicles, storage units, and on their electronic devices. Based upon my training and experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, I know that computers and other digital devices are often used to store information, very much the same way paper, ledgers, files and file cabinets are used to store information. I know that it is common today for businesses to utilize computers to conduct their business and to store information related thereto. I also know that it is common for individuals to have personal computers and to use these computers to conduct their personal affairs, their business affairs, and to store information related thereto. I know based on my training and experience, including prior investigations specifically related to the investigation of access device fraud, bank fraud, and i.d. theft, that subjects who are engaged in such commonly store information related to their activities on computers and digital devices.

17.     Based on my experience, training, and consultation with other law enforcement officers, I also know that individuals who are engaged in Aggravated Identity Theft and Bank Fraud maintain such records for long periods of time either in physical or electronic form. Retention of records is particularly common when the individual is involved in ongoing criminal activity over a long period of time such as in this case.

18.     Based upon my training, experience, and information related to me by agents and others involved in the forensic examination of computers and digital devices, I know that a forensic image is an exact physical copy of a data storage device. A forensic image captures all data on the subject media without viewing or changing the data in any way. Absent unusual circumstances, it is essential that a forensic image be obtained prior to conducting any search of data for information subject to seizure pursuant to the warrant. I also know that during the search of 2543 Fulton Ave. Apt 132, Sacramento, CA, it is not always possible to create a forensic image of or search digital devices or media for data. I also know that it is frequently necessary to remove digital devices or media for later laboratory evaluation off-site under controlled circumstances. This is true for a number of reasons, including the following:

a.     Searching digital devices can be a highly technical process that requires specific expertise and specialized equipment. Because there are so many different types of digital devices and software in use today, it is difficult to anticipate all of the necessary technical manuals, specialized equipment, and specific expertise to conduct a thorough search of the media to ensure that the data will be preserved and evaluated in a useful manner.

b.     Searching digital devices can require the use of precise, scientific procedures designed to maintain the integrity of the evidence. The recovery of such data may require the use of special software and procedures, such as those used in a law enforcement laboratory.

c.     The volume of data stored on many digital devices is typically so large that it will be highly impractical to search for data during the execution of the physical search of 2543 Fulton Ave. Apt 132, Sacramento, CA. Storage devices capable of storing 500 gigabytes of data are now commonplace in desktop computers. It can

take several hours, or even days, to image a single hard drive. The larger the drive, the longer it takes. Depending upon the number and size of the devices, the length of time that agents must remain onsite to image and examine digital devices can become impractical.

d.  Since digital data may be vulnerable to inadvertent modification or destruction, a controlled environment, such as a law enforcement laboratory, may be essential to conduct a complete and accurate analysis of the digital devices from which the data will be extracted. Software used in a laboratory setting can often reveal the true nature of data. Moreover, a computer forensic reviewer needs a substantial amount of time to extract and sort through data that is concealed or encrypted to determine whether it is evidence, contraband, or an instrumentality of a crime.

e.  Analyzing the contents of a computer or other electronic storage device, even without significant technical difficulties, can be very challenging, and a variety of search and analytical methods must be used. For example, searching by keywords, which is a limited text based search, often yields thousands of hits. determine who created, modified, copied, downloaded, transferred, communicated about, deleted, or printed data requires a search of events that occurred on the computer in the time periods surrounding activity regarding the relevant data. Information about which users logged in, whether users shared passwords, whether a computer was connected to other computers or networks, and whether the users accessed or used other programs or services in the relevant time period, can help determine who was sitting at the keyboard.

f.  Searching digital devices can require the use of precise, scientific procedures designed to recover latent data. The recovery of such data may require the use of special software and procedures. Data that represents electronic files or remnants of such files can be recovered months or even years after it has been downloaded onto a hard drive, deleted, or viewed via the Internet. Even when such files have been deleted, data can be recovered months or years later using readily available forensic tools. Normally, when a person deletes a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in space on the hard drive or other storage media that is not allocated to an active file. In addition, a computer's operating system may keep a record of deleted data in a swap or recovery file or in a program specifically designed to restore the computer's settings in the event of a system failure.

19.  This warrant seeks authority to seize contextual data, that is, evidence of how a digital device has been used, what it has been used for and who has used it. It can be very important in criminal cases to seek "attribution" data and physical items so that an event or communication can be associated with a person. Based upon my training and experience, and information related to me by agents and others involved in the forensic

examination of computers and digital devices, this authority is sought for a number of reasons:

a.  In some instances, the computer "writes" to storage media without the specific knowledge or permission of the user. Generally, data or files that have been received via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to such data or files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve artifacts of electronic activity from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer usage. Logs of access to websites, file management/transfer programs, firewall permissions, and other data assist the examiner and investigators in creating a "picture" of what the computer was doing and how it was being used during the relevant time in question. Given the interrelationships of the data to various parts of the computer's operation, this information cannot be easily segregated.

b.  Digital data on the hard drive that is not currently associated with any file may reveal evidence of a file that was once on the hard drive but has since been deleted or edited, or it could reveal a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave digital data on the hard drive that show what tasks and processes on the computer were recently used. Web browsers, email programs, and chat programs store configuration data on the hard drive that can reveal information such as online nicknames and passwords. Operating systems can record additional data, such as the attachment of peripherals, the attachment of USB flash storage devices, and times the computer was in use. Computer file systems can record data about the dates files were created and the sequence in which they were created. This data can be evidence of a crime, can indicate the identity of the user of the digital device, or can point toward the existence of evidence in other locations (or on other devices).

c.  Further, evidence of how a digital device has been used, what it has been used for, and who has used it, may be learned from the absence of particular data on a digital device. Specifically, the lack of computer security software, virus protection, malicious software, evidence of remote control by another computer system, or other programs or software may assist in identifying the user indirectly and may provide evidence excluding other causes for the presence or absence of the items sought by this application. Additionally, since computer drives may store artifacts from the installation of software that is no longer active, evidence of the historical presence of the kind of software and data described may have special significance in establishing timelines of usage, confirming the identification of certain users, establishing a point of reference for usage and, in some cases, assisting in the identification of certain users. This data can be

Search Warrant Affidavit                                                            Page 7

evidence of a crime, can indicate the identity of the user of the digital device, or can point toward the existence of evidence in other locations. Evidence of the absence of particular data on the drive is not generally capable of being segregated from the rest of the data on the drive.

20.     I am aware that individuals involved in bank fraud, credit card fraud, aggravated i.d. theft, and conspiracy to commit such offenses (including schemes to acquire and to use federally insured bank credit cards assigned to others), obtain access devices, PIN numbers, financial info, i.d. info, checks, and other personal and financial info of victims. Such individuals, working together often maintain close contact and travel together. I am aware that in bank fraud, mail fraud, and i.d. theft schemes, perpetrators often use victim names, pose as victims on-line to make internet transactions and to open accounts, and to cause fraudulently purchased items to be mailed in victim names. Also to avoid detection, perpetrators will cause fraudulently purchased items to be mailed and stored at different locations. I am aware that perpetrators will keep tools, implements, financial statements, access devices, and stolen items close to themselves (especially in vehicles they use, on their person, in their residences, in the residences of extended family members, and in storage units) or in areas in which the have access to ensure custody and control of the items and for easy access for use or disposal.

21.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that the complete contents of text messages, image files, and emails may be important to establishing the actual user who has dominion and control of a particular phone or computer at a given time. Cell phones may be subscribed to under false names with little to no verification by the service provider. Cell phones and computers may also be used by multiple people. Given the ease with which such items may be obtained and used, and the rarity with which law enforcement has eyewitness testimony about a defendant's use of a particular cell phone or device that was used to send a particular text or email message, investigators often have to rely on circumstantial evidence to show that an individual was the actual user of a particular cell phone or device. Often, by piecing together information contained in the contents of the device (cell phone or computer or storage device) an investigator can establish the identity of the actual user. Often, those pieces will come from a time period before the device was used in criminal activity. Limiting the scope of the search for information showing the actual user of the device would, in some instances, prevent the government from identifying the user of the device and, in other instances, prevent a defendant from suggesting that someone else was responsible. Therefore, the entire content of a communication device often provides important evidence regarding the actual user's dominion and control of the device. Moreover, review of the contents of communications of electronic storage devices, including text and email messages sent or received by the subject device assist in determining whether other individuals had access to the device.

22.     Based upon my training and experience, my conversations with other law enforcement personnel assisting in this case, and my investigation in this case, I am aware that criminals discussing their criminal activity via electronic communication devices (computer email and cell phone text messaging) may use images, slang, short forms (abbreviated words or phrases such as

"lol" to express "laugh out loud"), or code words (which require entire strings or series of text message conversations to determine their true meaning) when discussing their crimes. They can also discuss aspects of the crime without specifically mentioning the crime involved. It is even possible to use pictures, images and emoticons (images used to express a concept or idea such as a happy face inserted into the content of a text message or the manipulation and combination of keys on the computer keyboard to convey an idea, such as the use of a colon and paren :) to convey a smile or agreement) to discuss matters. "Keyword searches" or other automated methods of review of the text messages sent to and from the subject device would not account for any of these possibilities, so actual review of the text and email messages by law enforcement personnel with information regarding the identified criminal activity is necessary to find all relevant evidence.

23.    I am aware that searching and seizure of electronic storage devices requires a qualified computer forensic specialist and must be conducted in a laboratory or other controlled environment. Therefore, your affiant requests authority to make a return on any seized electronic storage devices 120 days after the items are seized. If additional time is needed, the government may seek an extension of this time period from the Court within the original 120 day period from the date of execution of the warrant.

24.    For the reasons stated above, there is probable cause to believe that evidence, fruits, contraband, and instrumentalities, as more fully described in Attachment B to the Search Warrant and Application for Search Warrant, hereby fully incorporated herein, of violations of 1344(2) (Bank Fraud) and 1028A(a)(1)( Aggravated i.d. Theft) may be found at the locations identified in Attachment A attached and fully incorporated herein. I am aware that disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize law enforcement efforts to execute the warrants. Also, premature disclosure may pose a risk to executing law enforcement. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this affidavit, the accompanying search warrant, and application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Ryan Vazquez, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed before me
this _27_ day of June 2015

C.K. Delaney
U.S. MAGISTRATE

Approved:     Michelle Rodriguez, AUSA
6/29/15

| RETURN | Case Number: | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____
Signature of Affiant

Subscribed, sworn to, and returned before me this date.

_____          _____
Signature of Judge                                              Date

AO 93 (Rev. 12/03) Search Warrant

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

Abdul Mannan's iphone, obtained on 1/29/2015
and currently stored at the Sacramento Police
Department, 555 Sequoia Pacific Blvd,
Sacramento, CA, which iphone is more
particularly described in Attachment A.
Attachment A is attached hereto and fully
incorporated herein.

**SEARCH WARRANT**

Case Number:

**2:1 5 - SW - 3 9 5**    **CKD**

To:  **RYAN VAZQUEZ, HSI Special Agent**  and any Authorized Officer of the United States.

Affidavit(s) having been made before me by _____ **HSI Special Agent Ryan Vazquez** _____ who has reason to
                                                            Affiant
believe that ☐ on the person of, or ☒ on the premises known as (name, description and/or location)
**See Attachment A, attached hereto and fully incorporated herein**

in the _____ Eastern _____ District of _____ California _____ there is now concealed
a certain person or property, namely (describe the person or property)

**See Attachment B, attached hereto and fully incorporated herein**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so
described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO SEARCH ON OR BEFORE _____ 7/22/2015 _____
                                                                          Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search ☒ in the daytime -- 6:00 A.M. to 10:00 P.M. ☐ at anytime in the day or night as I find reasonable cause has been
established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person
or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to
**HON. CK DELANEY** or other U.S. Magistrate Judge (Rule 41(f)(f4)), as required by law.

7/8/2015   10:40 am    at    **Sacramento, California**
Date and Time Issued                              City and State

**HON. CK DELANEY**
**U.S. Magistrate Judge**
Name and Title of Judge                           Signature of Judge

| **RETURN** | **Case Number:** | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____
Signature of Affiant

Subscribed, sworn to, and returned before me this date.

_____          _____
Signature of Judge                                              Date

## ATTACHMENT A

The item to be seized and searched is as follows:

At Sacramento Police Department, 555 Sequoia Pacific Blvd, Sacramento, CA, 95811,
evidence booked under Sacramento Police Department report number 15-26812,
tag number: SA85376311, the following electronic device:

> Apple Iphone 4S, serial number C28JWC6ADTD1
> (white in color)

## ATTACHMENT B

ITEMS TO BE SEIZED

1.  All electronic evidence of indicia of use and ownership to include any data related to bank transactions, statements, credit card statements, credit cards, receipts, utility bills, correspondence, U.S. Mail, emails, internet transaction records and parcels of all residents.

2.  All electronic evidence of United States Mail, documents, bank statements and records, credit card statements, credit cards, credit card applications, receipts, utility bills correspondence, emails, internet transaction records, and parcels, addressed to victims Gilbert F., Brad K., Frances A., Lily D., Frank S., Jean G., Pat L., Jeff P., John S., Freddy B., Alex G., David A., Robert N., Leslie H., William C., John L., Thomas J., Larry Y., Steven L., Charles K., Nora G., Karen H., Joan K., Mark S., Victor D., Robin B., Mark B., William C., John L., Jay M., John O., and Jeff P.as well as any other person not residing at the location.

3.  All electronic evidence of identification documents, access devices, handwritten notes, printouts and personal identifying information, of Mannan or "Mannon" and others belonging to or bearing the name of any other persons not using the iphone.

4.  All electronic evidence of bank statements and records, credit card statements, credit cards, credit card applications, receipts, utility bills, correspondence, emails, internet transaction records and parcels related to Macys and other federally insured financial institutions.

5.  All electronic evidence of items and receipts for items purchased using access devices including, but not limited to, Apple iPad Mini (SN F4KN7DQTG5V1, F4KN7KRNG5V1, and F4KN85Y0G5V1).

6.  All electronic evidence of domestic or foreign currency in excess of $500.00, all virtual currency, monetary instruments, precious metals or jewelry that represent proceeds or instrumentalities.

7.  All electronic evidence of credit cards and credit card records, writable plastic cards, shipping records, logs of (hand written or electronic), written correspondence that references criminal activity and any financial records, including for accounts ending 6200, 9413, 8949, 4321, 9360, 1067, 1063, 7776, 0535, 8406, 8409, 8171, 8162, 7162, 2963, 2447, 9597, 8939, 9933, 7413, 6358, 6424, 5342, 8396, 5684, 3974, 2449, 4471, 8552, 4736, 2034, 8824, 6215, 9054, 6333, 6358, 7127, 9374 as well as any other access devices.

8.  All electronic evidence of bank account records, wire transfer records, bank statements, safe deposit box keys and entry records, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of merchandise acquired via access devices of any kind.

9.      All electronic evidence of bank and financial records, including bank statements, wire transfer slips/orders, cancelled checks, bank signature cards, deposit and withdrawal records, money orders, money order receipts, ATM receipts, cashier's checks, cashier's check receipts, and safe deposit records.

10.     All electronic evidence of any additional computers, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD ROMs, CD Rs, CD RWs, DVDs, optical disks, printer or memory devices and buffers, tablets, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell/smart phones.

11.     All electronic evidence of correspondence, papers, records, forms, applications and any other items showing employment or lack of employment.

12.     All electronic evidence of records identifying associates and contacts such as business cards, telephone and address books, diaries, notes calendars, appointment books, correspondence, photographs, video and audio recordings, and answering machine tapes.

13.     All electronic evidence of records and items identifying smart phones, telephones and pagers used by Mannan and associates including telephone toll bills, pager bills, subscriber agreements, cellular telephones/smart phones and pagers

14.     Photographs, .jpg and .pdf or other visual media, including depicting goods, access devices, and victim information.

15.     All evidence of any ID making materials including but not limited to printers, laminating machines and State identification templates and software

16.     All electronic evidence of electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the acquisition and/or sales of personal and/or financial identifying information, credit and credit cards, and merchandise, including communication relating to contacts with Capital One Bank and Discover Bank and internet computer cookie codes including 539a24bac81e1b36f4112f8f95c31fb.

17.     Electronic books, records, receipts, notes, ledgers, pictures, video, and communications (emails and text messaging) relating to the use of personal and/or financial identifying information, credit and credit cards, and merchandise (including vehicles, computers, printers, label makers, heat sealers, embossers, identification imprinters, paper stock, access devices, and/or stolen property proceeds).